UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 25);**

**DEFENDANT WELLS FARGO, N.A. AND GOLDEN WEST SAVINGS ASSOCIATION SERIVCE CO.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (DKT. 19)**

**I.      Introduction**

Martha Sanchez ("Plaintiff"), who is self-represented, brought this action against Wells Fargo Bank, N.A. ("Wells Fargo"), which she erroneously identified as Wells Fargo Home Mortgage, Inc., RTS Pacific, Inc. ("RTS") and Golden West Savings Association Service Co. ("Golden West") (collectively, "Defendants") in the Los Angeles Superior Court. Plaintiff's claims arise from a loan and foreclosure dispute between Plaintiff and Defendants. Wells Fargo and Golden West removed the action on the basis of diversity jurisdiction. 28 U.S.C. §§ 1441(b) and 1332. Dkt. 1. Presently at issue are the motion to dismiss the operative complaint, which was brought by Wells Fargo and Golden West (Dkt. 19), and Plaintiff's motion to remand the action to the Superior Court (Dkt. 25). For the reasons stated in this Order, the motion to remand is **DENIED** and the motion to dismiss is **DEFERRED**.

**II.     Factual Background**

On October 16, 2007, Plaintiff signed a promissory note in the amount of $750,000 Note ("Note"). The Note was secured by a Deed of Trust that encumbered the property located at 4046 West 7th Street, Los Angeles, CA ("Property"). Dkt. 18, ¶¶ 18, 22, 23; Dkt. 1-1, Ex. H. World Savings Bank, FSB was the original lender and beneficiary of the Deed of Trust. Dkt. 18, ¶ 23. Effective December 31, 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB. Dkt. 1-1, Ex. D. Effective November 1, 2009, Wachovia Mortgage, FSB was converted to Wells Fargo Bank Southwest, N.A., which then merged into Wells Fargo Bank, N.A. *Id.* Ex. E. As the surviving entity of the merger, Wells Fargo is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

current holder of the Note and beneficiary of the Deed of Trust. Dkt. 18, ¶ 68. Golden West was the original trustee of the Deed of Trust. On September 9, 2014, RTS was substituted as trustee. *Id.* ¶ 32.

The operative First Amended Complaint ("FAC") alleges that the terms of the Note, when executed, required a "$3,800 (+ or - )" monthly mortgage payment for 30 years, had a modest rate of interest and did not impose any prepayment penalty. *Id.* ¶¶ 24, 25. The FAC also alleges that Plaintiff was told that the interest rate would remain fixed, which she claims to have been false. *Id.* ¶ 25. The FAC alleges that the representative of World Savings Bank, FSB who arranged for the making of the Note falsified Plaintiff's financial information so that she would qualify. *Id.* ¶ 24.

The FAC also alleges that when Plaintiff executed the Note, she did not receive copies of all related documents, and that no one explained the terms of the Note or provided her an opportunity to review the loan documents until after she had signed them. *Id.* ¶¶ 28, 29. The FAC also alleges that Plaintiff was misled as to the terms of the Note. As stated, she was led to believe that her monthly payment would never exceed $3,800, and the fact that "the loan was an exploding [Adjustable Rate Mortgage] with much higher payments was concealed from her." *Id.* ¶ 43. The FAC alleges that Wells Fargo sought to charge Plaintiff "an inflated and unlawful fee," and excessive charges and interest *Id.* ¶ 44. Based on these allegations, the FAC asserts that the Note and related agreements are unconscionable. *Id.* ¶ 42.

The FAC also includes many conclusory statements as to legal claims, including: (i) Defendants "do not have a valid security in [Plaintiff's] residence" and that "there is no known beneficiary who has";
(ii) Defendants "have failed to properly identify the beneficiary" in the previous notice of default and notice of trustee sale, as required by Cal. Civ. Code § 2924, because the beneficiary is identified as Wells Fargo Bank, N.A.; (iii) Defendants failed to engage in good faith loan modification discussions and denied four loan modification applications submitted by Plaintiff and a potential reinstatement plan; (iv) Defendants have failed to postpone the trustee sale "despite the 90 day postponement requirement" of Cal. Civ. Code § 2923.52; and (v) Defendants failed to advise Plaintiff of any transfers of the Note. *Id.* ¶¶ 50, 53, 68, 92, 121.

The FAC alleges that Plaintiff timely made mortgage payments until October 20, 2012. *Id.* ¶ 26. A notice of default was filed on June 27, 2013 and a notice of trustee sale was filed on September 27, 2013, with a sale date set for October 21, 2013. *Id.* ¶¶ 30, 31, 59. The FAC alleges that Plaintiff was informed by Defendants that the outstanding balance under the Note is $809,538.54. *Id.* ¶ 116. The FAC alleges that this figure is not accurate because it reflects a calculation based on the actions of Defendants pursuant to which they "imposed unlawful and unsubstantiated charges and fees." *Id.* The FAC also claims that "this amount . . . is $59,538.54 in excess of the $750,000.00 principal and does not give [any] credit nor accounting for the 5 years of faithful payments that Plaintiff made." *Id.*

The FAC states that a nonjudicial foreclosure sale has not yet occurred. However, there are no allegations as to why the trustee sale scheduled for October 21, 2013 did not proceed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

### III.     Procedural Background

The original Complaint asserted eight causes of action against Defendants Wells Fargo Home Mortgage, RTS and Golden West. Dkt. 1-1, Ex. A. On October 12, 2015, Wells Fargo -- which responded to the Complaint based on the assumption that "Wells Fargo Home Mortgage" was erroneously referring to "Wells Fargo Bank, N.A." -- and Golden West filed a motion to dismiss. Dkt. 9. Plaintiff failed to file a timely opposition. An order was issued directing that, on or before November 23, 2015, Plaintiff file either an opposition to the motion or a request for leave to file an amended complaint. Dkt. 15. Plaintiff then filed a motion for leave to file a first amended complaint. Dkt. 16. That motion was granted. This made moot the original motion to dismiss. Dkt. 17.

The FAC included the following new Defendants: (i) Wells Fargo Bank, N.A.; (ii) Wells Fargo Bank Southwest, N.A.; (iii) Wachovia Mortgage, FSB; and (iv) World Savings Bank, FSB. Dkt. 18. The FAC asserts the following eight causes of action: (i) Request for Declaratory Judgment; (ii) Unlawful Attempted Foreclosure; (iii) Quiet Title; (iv) Fraud; (v) Negligent Misrepresentation; (vi) Unfair Business Practices; (vii) Equitable Estoppel; and (viii) Accounting. *Id.* The fraud claim is made against "Bank of America only," but it is not a defendant in this action. *Id.* at 17. The claim for negligent misrepresentation appears to be asserted only against Wells Fargo, although the FAC is unclear. *Id.* at 18.The remaining claims are asserted against all Defendants. *Id.* at 10, 12, 14, 19, 20, 22.

Because the FAC added new defendants, Plaintiff was ordered to serve them on or before November 30, 2015. Plaintiff did not do so. On January 29, 2016, Plaintiff filed a report in which she explained that, because she incorrectly believed that Steve R. Telles, counsel for Wells Fargo and Golden West, also represented each of the new defendants, she thought that all of them had been properly served through Telles. Dkt. 26 at 2. She then requested an extension of time to serve the new defendants. There is no showing that Plaintiff has served them. However, the first newly added defendant "Wells Fargo Bank, N.A." has been participating in this action because it was erroneously identified as "Wells Fargo Home Mortgage." Each of the three new defendants is also a corporate entity that no longer exists. Dkt. 1-1, Ex. D, E. Therefore, none is a proper party in this action.[1]

On December 14, 2015, Wells Fargo and Golden West ("Moving Defendants") moved to dismiss the FAC ("Motion to Dismiss"). Dkt. 19. Plaintiff failed to file a timely opposition, which was due on or before January 4, 2016. Plaintiff was given an extension of time to January 29, 2016 to file any opposition. Dkt. 22. Plaintiff failed to do so, but instead filed a motion to remand ("Motion to Remand"). Dkt. 25. Plaintiff was then afforded a final opportunity to file an opposition to the Motion to Dismiss by February 9, 2016, and she did so. Dkt. 24, 29.

---

[1] "Upon merger pursuant to this chapter the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed, without other transfer, to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them." Cal. Corp. Code § 1107(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | | Date | April 8, 2016 |
|---|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | | |

IV. <u>Analysis</u>

    A. **Motion to Remand**

        1. <u>Legal Standard</u>

A motion to remand is the procedural tool to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Generally, a state civil action may be removed only if it could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction based on removal from state court over matters where the amount in controversy exceeds $75,000 and is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Because federal courts have limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presumption against removal means that defendant has the burden of establishing that removal is proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

        2. <u>Application</u>

Plaintiff asserts that this action must be remanded for the following reasons: (i) RTS did not join in the removal; (ii) the removal was untimely; (iii) the amount in controversy requirement is not met; (iv) there is not complete diversity; and (v) the FAC raises important issues of first impression of California law that should be decided by its courts. Dkt. 25 at 7. None of these arguments is persuasive.

            a) <u>RTS's Failure to Join in Removal</u>

Plaintiff asserts that because RTS did not join in the removal of this action, the action must be remanded. Moving Defendants argue that RTS was not required to join in the removal because it is a nominal party. Dkt. 33 at 7-11. Defendants are correct. *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). It is generally recognized that the "paradigmatic nominal defendant is a trustee, agent, or depository who is joined purely as a means of facilitating collection." *SEC v. Colello,* 139 F.3d 674, 676 (9th Cir. 1998) (quotations and alterations omitted). However, this does not preclude a non-nominal status where substantive allegations as to its conduct are made that go beyond claims arising from mere ministerial acts. *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1002 (N.D. Cal. 2013). "Removing Defendants bear the burden of proving a defendant is a nominal party." *Latino v. Wells Fargo Bank, N.A.*, 2011 WL 4928880, at *2 (E.D. Cal. Oct. 17, 2011).

The FAC alleges that RTS is the current trustee of Plaintiff's Deed of Trust. California courts have consistently recognized that "[t]he trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist." *Pro Value Props., Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (2009) (internal citation omitted). The duties of such a trustee are purely ministerial. *Id.*

The FAC makes no substantive allegations of any wrongdoing by RTS. Moreover, the core of the alleged wrongdoing relates to the circumstances of Plaintiff's initial execution of the Note. She did so before RTS became trustee. The only allegation that could plausibly be deemed to have been asserted against RTS is that the notice of default and notice of trustee sale failed to identify the correct beneficiary or the amount due on the Note. Dkt. 18, ¶ 53. However, the FAC acknowledges that Wells Fargo was identified as the beneficiary (Dkt. 18, ¶ 68), which is correct.[2] Moreover, with respect to the amount Plaintiff owed, Cal. Civ. Code § 2924(b) specifically states that "[i]n performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage."

For the foregoing reasons, Defendants have met the burden of demonstrating that RTS is merely a nominal party, whose joinder in removal is not required.

> b)  Whether Removal Was Timely

Plaintiff argues that removal of this action was untimely because RTS was served on August 28, 2015, but the action was not removed until October 1, 2015, which was more than 30 days later. Dkt. 25 at 4, 11. Plaintiff concedes that she served Moving Defendants on September 1, 2015. *Id.* at 4.

A notice of removal of a civil action shall be filed "within 30 days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Where multiple defendants are sued, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal. [] If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(B)-(C).

Here, the Defendants who removed the action were served on September 1, 2015. They removed the action on October 1, 2015. Because this was within 30 days after service, it was timely.

> c)  Whether the Amount in Controversy Requirement Is Satisfied

Plaintiff argues that the amount in controversy does not meet the $75,000 jurisdictional threshold because the FAC does "not quantify the amount of damages requested." Dkt. 25 at 12. However, where a plaintiff seeks to quiet title, the amount in controversy "is the whole of the real estate to which the claim extends." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (quoting

---

[2]  *See* Cal. Corp. Code § 1107(a), at 3 n.1, *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

*Woodside v. Ciceroni*, 93 F. 1, 4 (9th Cir. 1899)). Furthermore, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Here, the FAC seeks to quiet title to the Property, and also seeks declaratory and injunctive relief with respect to the validity of the Note and Defendants' right to foreclose. The FAC also asserts that the Note was in the amount of $750,000, and the current amount allegedly due is $809,538.54. Dkt. 18, ¶¶ 24, 116. Therefore, the amount in controversy requirement has been satisfied.

### d) Whether Complete Diversity Exists

Plaintiff argues that there is not complete diversity because "many of the defendants are from the same state as the [P]laintiff." Dkt. 25 at 14. The FAC alleges that Plaintiff is a California resident and has owned the subject real property since 1994. Dkt. 18, ¶¶ 1, 20. Thus, she is a citizen of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). The FAC appears to allege that all Defendants are also citizens of California. However, Plaintiff has not offered any evidence to support that allegation.

Wells Fargo is a national banking association. Pursuant to 28 U.S.C. § 1348, such an association is a citizen of the state in which it is "located." The term "located" has been interpreted to mean the place of the main office of the national banking association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). The articles of association of Wells Fargo state that its main office is located in Sioux Falls, South Dakota. Dkt. 1-1, Ex. F. Therefore, Wells Fargo is a citizen of South Dakota. *Rouse, et al. v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) ("[U]nder § 1348, a national banking association is a citizen only of the state in which its main office is located.").[3]

Because RTS is a nominal party, its citizenship is irrelevant for purposes of determining diversity jurisdiction. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."). However, even if it were relevant, RTS is a citizen of Washington, where it is incorporated and maintains its principal place of business. Therefore, its presence would not affect the prior analysis of the presence of complete diversity. Dkt. 1-1, Ex. G.

---

[3] The respective citizenship of Wells Fargo Bank Southwest, N.A., Wachovia Mortgage, FSB and World Savings Bank, FSB, even if properly named and served in this action, are irrelevant. Thus, each entity has been merged into Wells Fargo whose citizenship controls. *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (after a merger, only citizenship of surviving corporation considered for purposes of determining diversity jurisdiction, consistent with Cal. Corp. Code § 1107(a)). Further, "Wells Fargo Home Mortgage" is not an existing entity with any citizenship, and appears to be only a misstatement of the name of Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

Moving Defendants concede that the only remaining defendant, Golden West, is a citizen of California. Dkt. 33 at 15. However, Moving Defendants argue that Golden West, like RTS, is a nominal defendant. Golden West was the original trustee of the Deed of Trust. However, on September 9, 2014, RTS replaced Golden West as the trustee. Dkt. 18, ¶ 32. Because Golden West is not the current trustee, any claims arising out of the alleged wrongful foreclosure of Plaintiff's Property are not viable as to Golden West. The result is the same with respect to claims arising out of the alleged unconscionability of the Note. Such claims cannot be advanced against Golden West because, as the trustee, it played no role in the drafting or execution of the Note. World Savings Bank, FSB took those actions.

The FAC makes no other substantive allegations against Golden West. It is also significant that Golden West filed a Declaration of Non-Monetary Status pursuant to Cal. Civ. Code § 2924*l* while the matter was pending in the Los Angeles Superior Court. It did so on September 28, 2015. There is no showing that Plaintiff filed an objection. Dkt. 1-1, Ex. B.[4] For these reasons, Moving Defendants have met their burden of showing that Golden West is a nominal party whose citizenship is not considered for establishing diversity jurisdiction.

Based on the foregoing analysis, only the citizenship of Plaintiff and Wells Fargo is relevant to a determination of complete diversity. Because Plaintiff is a citizen of California and Wells Fargo is a citizen of South Dakota, complete diversity is present.

    e)  Issues of First Impression

Plaintiff asserts that this Court should abstain, and remand this action to the Superior Court. Thus, she argues that, because her claims are ones of first impression under California law, they should be addressed in its courts. Dkt. 25 at 14. Plaintiff's position lacks force. District courts in California as well as California Courts of Appeal, have addressed many of the issues raised in this case. *See, e.g.*, *Medina v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 66500 (C.D. Cal. May 14, 2014); *Metzger v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 59427 (C.D. Cal. Apr. 28, 2014); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 86248 (C.D. Cal. July 22, 2011); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013); *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481 (2013); *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433 (2012).

Finally, Plaintiff argues that she will be deprived of due process if this case remains here. No authority is cited to support this position, which lacks merit. All courts, state and federal, are obligated to provide due process for litigants. Plaintiff also argues that Defense counsel has not complied with Local Rules 7-3 and Court Orders regarding communications with her. Dkt. 35 at 16. Defense counsel denies these assertions. Their merit is not relevant to a determination of whether this matter should be remanded.

---

[4] The Declaration is not conclusive as to the nominal status of Golden West at the time of removal because removal occurred less than 15 days after the Declaration was filed. *See, e.g.*, *Silva v. Wells Fargo Bank N.A.*, 2011 WL 2437514, at * 4 (C.D. Cal. June 16, 2011) (party filing declaration of non-monetary status "does not actually become a nominal party until 15 days pass without objection"); *Jenkins v. Bank of Am., N.A.*, 2015 WL 331114, at *6 (C.D. Cal. Jan. 26, 2015) (unopposed declaration of non-monetary status makes a party nominal "so long as the fifteen-day period for objections passed prior to removal of the action to federal court").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

\*        \*        \*

For the foregoing reasons, the Motion to Remand is **DENIED**.

  **B.**  **Motion to Dismiss**

    1.  <u>Legal Standard</u>

Fed. R. Civ. P. 8(a) requires that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." A party may move to dismiss a claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is achieved when the pleadings contain factual elements that allow the court to draw a reasonable inference that misconduct occurred. *Id.* Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a Rule 12(b)(6) motion, a court must assume that allegations in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). In addition to the allegations of the complaint, a court may consider exhibits attached to it, documents whose contents are alleged in the complaint whose authenticity is not questioned, and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. *Stewart v. Wachowski*, 2005 WL 6184235, at \*3 (C.D. Cal. June 14, 2005). However, a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

    2.  <u>Application</u>

Moving Defendants argue that Plaintiff's claims are barred under the doctrine of judicial estoppel because Plaintiff did not disclose them during her prior bankruptcy proceeding. It was commenced on April 3, 2014, and was finally resolved on July 2, 2015. Dkt. 19 at 13.

"Federal law governs the application of judicial estoppel in federal court." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir. 2010) (alteration omitted). "Judicial estoppel is an equitable doctrine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel is designed to protect the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). Courts consider three factors in determining whether judicial estoppel applies: "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position[;] and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire*, 532 U.S. at 750-51).

Generally, "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783. This rule is "a basic default rule." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). However, it "may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Id.* In *Ah Quin*, the court considered several factors in determining whether the plaintiff had established inadvertence or mistake. They included that the plaintiff reopened her bankruptcy proceedings, amended the bankruptcy schedules, and completed the bankruptcy process *sua sponte*. *Id.* at 272-73. Thus, to determine whether inadvertence or mistake is applicable, a court "must look holistically at the circumstances surrounding the error." *Lennear v. Diamond Pet Food Processors of Cal., LLC*, 2015 WL 7571560, at *6 (E.D. Cal. Nov. 25, 2015).

None of the factors present in *Ah Quin* is present here. Thus, Plaintiff does not claim inadvertence or mistake.[5] Nor is there any showing that she reopened her bankruptcy proceedings to amend her pleadings there. Instead, Plaintiff claims that she made all required disclosures of her present claims in the bankruptcy proceeding in amended forms that she filed there on and after September 30, 2014. Dkt. 29 at 12. Moving Defendants have provided a copy of Plaintiff's amended bankruptcy forms from September 30, 2014. They do not mention these claims, notwithstanding that they list Wells Fargo as a secured creditor. Request for Judicial Notice ("RJN"), Dkt. 20, Ex. K.[6]

Plaintiff provided no other evidence to support the position that her failure to include the claims in the bankruptcy proceeding was due to inadvertence or mistake. Although in response to a motion to dismiss a plaintiff is not generally required to provide evidentiary support for an allegation in a complaint, it may be required if in the motion a defendant has presented an affirmative defense, *e.g.*, judicial estoppel. Thus, Fed. R. Civ. P. 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*,

---

[5] The FAC makes no reference to the bankruptcy proceedings.
[6] Matters of public record are properly subject to judicial notice. This includes court records. *Galvan v. City of La Habra*, 2014 WL 1370747, at *2 (C.D. Cal. Apr. 8, 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

662 F.2d 641, 645 (9th Cir. 1981) ("When the district court looks outside the pleadings in evaluating a noticed Rule 12(b)(6) motion, the motion must be converted and treated as one for summary judgment under Rule 56.").

This process has been applied in connection with motions in which judicial estoppel has been raised. *See, e.g.*, *Powell v. Wells Fargo Home Mortg.*, 2015 WL 4719660, at *6 (N.D. Cal. Aug. 7, 2015) ("[W]hile generally such evidentiary analysis is rarely appropriate at such an early stage, recent Ninth Circuit guidance indicates some evidentiary consideration may be warranted in this situation." (citing *Dzakula v. McHugh*, 746 F.3d 399, 401 (9th Cir. 2013) (distinguishing *Ah Quin* because the plaintiff in *Dzakula* "presented no evidence, by affidavit or otherwise, explaining her initial failure to include the action on her bankruptcy schedules") and *Zyla v. Am. Red Cross Blood Servs.*, 2014 WL 3868235, at *8 (N.D. Cal. Aug. 6, 2014) ("although courts do not typically look outside the pleadings to decide a motion to dismiss, the Court finds it necessary to consider [plaintiff]'s declaration in deciding whether the inadvertent/mistake exception applies."))).

The motion to dismiss here did not provide Plaintiff with express notice that it could be converted to one for summary judgment. Therefore, it is appropriate to defer a review that includes a consideration of potential factual issues until Plaintiff has a further opportunity to offer competing evidence. *See Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993) ("*Sua sponte* entry of summary judgment is proper if there is no genuine dispute respecting a material fact essential to the proof of movant's case." (internal quotation marks and ellipses omitted)). "[A] litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue: 'Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.'" *Id.* (quoting *Portsmouth Square v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985)). *See also Greystone Nev., LLC v. Anthem Highlands Cmty. Ass'n*, 549 F. App'x 621, 623 (9th Cir. 2013) (unpublished) (where issue is "central[]" to litigation, Fed. R. Civ. P. 12(d) requires that party is "afforded an opportunity to present evidence and argument" before court effectively grants summary judgment).

On or before April 22, 2016, Plaintiff shall make any supplemental filing in opposition to the present motion, which is being treated as if it had been made pursuant to Fed. R. Civ. P. 56. In that supplemental filing, which shall not exceed 10 pages, exclusive of any exhibits or other attachments, Plaintiff shall present any admissible evidence that she considers relevant to the application of the doctrine of judicial estoppel to her claims. Such evidence shall include, *inter alia*, the basis for an argument that: (i) Plaintiff made any required disclosures about her present claims in her earlier bankruptcy proceeding (Dkt. 29 at 12); and/or (ii) Plaintiff's failure to disclose these claims in the bankruptcy proceedings was due to inadvertence or mistake. As to the latter category of evidence, it must satisfy the standard of *Ah Quin*, by supporting the claim that the omission "occurred by accident" and "was made without intent to conceal." 733 F.3d at 276. Plaintiff's "pro se status before the bankruptcy court is insufficient to establish inadvertence or mistake." *Hannon v. Wells Fargo Bank, N.A.*, 2015 WL 4776305, at *7 (N.D. Cal. Aug. 13, 2015); *see also Montgomery v. Nat'l City Mortg.*, 2012 WL 1965601, at *7 (N.D. Cal. May 31, 2012) (a plaintiff's "pro se status in and of itself does not establish a mistake"); *Sharp v. Nationstar Mortg., LLC*, 2014 WL 4365116, at *6 (N.D. Cal. Sept. 3, 2014) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07720 JAK (PJWx) | Date | April 8, 2016 |
|---|---|---|---|
| Title | Martha Sanchez v. Wells Fargo Bank, N.A., et al. | | |

Within seven days of the filing of any supplemental opposition by Plaintiff, Moving Defendants may file any reply, not to exceed 10 pages. Upon receiving any opposition and reply, or in the event that Plaintiff does not timely file any supplemental opposition to the Motion to Dismiss, the matter will be taken under submission with respect to all matters raised, including whether certain claims are time-barred or are ones as to which Plaintiff lacks standing.

**V.     Conclusion**

For the reasons stated in this Order, the Motion to Remand is **DENIED** and the Motion to Dismiss is **DEFERRED**. Plaintiff shall file any supplemental material on or before April 22, 2016. Moving Defendants shall file any reply within seven days of Plaintiff's filing.

**IT IS SO ORDERED**.

                                                                                      :

                                                  Initials of Preparer    ak